

**U.S. Department of Justice**

United States Attorney
District of Hawaii

PJKK Federal Building          (808) 541-2850
300 Ala Moana Blvd., Room 6-100    FAX (808) 541-2958
Honolulu, Hawaii 96850

CORRESPONDENCE

June 7, 2006

HONORABLE SUSAN OKI MOLLWAY
U.S. District Judge

and

William Harrison, ESQ.
Attorney for Defendant
**(Via Fax: (808) 538-7579)**

    RE:  United States v. Clement Santiago
          CR. NO. 03-00494-13 SOM

          Change of Plea (Indictment) for June 9, 2006
          <u>at 9:00 a.m.</u>

    1.    Defendant will plead guilty <u>as charged</u> in the Indictment to one count of a violation of Title 21, United States Code, Section 843(b) (Count 10 - Unlawful use of a communications facility).

        **There is no plea agreement in this case.**

    2.    The penalties for the offense to which Defendant is pleading guilty include:

        A.    A term of imprisonment of not more than four years;

        B.    A fine of up to $250,000.00;

        C.    A term of supervised release of at least two years but not more than three years; and

        In addition, there is a $100 special assessment as to each count to which the Defendant is pleading guilty[1].

---

[1] The $100 special assessment is mandatory pursuant to Title 18 U.S.C. §3013(a)(2)(A).

Honorable Susan Oki Mollway
William A. Harrison, Esq.
June 7, 2006
Page 2

   At the discretion of the court, defendant may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 U.S.C. §862 (d).

   3. For the Court's information, the following facts are not a detailed recitation, but merely an outline of what happened in relation to the charges to which Defendant is pleading guilty:

   On or about May 27, 2003, within the District of Hawaii, Defendant used a communications facility, that is a telephone, in facilitating the commission of a federal offense of conspiracy to distribute methamphetamine, a Schedule II controlled substance, by discussing and coordinating with Brandon Chang the arrangements for the receipt of methamphetamine by Brandon Chang. There is no drug amount attributed to Clement Santiago nor is there any intent to attribute a drug amount to Clement Santiago. Brandon Chang did not receive the shipment of methamphetamine and the agreed upon role of Clement Santiago within the conspiracy was to ensure payment from the potential customers to whom Brandon Chang distributed methamphetamine.

   Also enclosed is a copy of the Indictment that was filed in this case. Please call my office if you have any questions.

            Very truly yours,

            EDWARD H. KUBO, JR.
            United States Attorney
            District of Hawaii

          By _____
            CHRIS A. THOMAS
            Assistant U.S. Attorney